IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RUSSELL HOLLIDAY,**                                                                 **PETITIONER**
ADC #171511

VS.                              NO. 4:24-CV-00395-BRW-ERE

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation ("RD") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this RD. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this RD. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this RD without independently reviewing the record.

**I.     SUMMARY**

Petitioner Russell Holliday, an Arkansas Division of Correction ("ADC") inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and two addendums. *Docs. 1, 6, 9*. He asks the Court to overturn three ADC disciplinary convictions, claiming they were obtained in violation of his right to due process and amount to cruel and unusual punishment. Because it plainly appears

from the face of the petition and addendums that Mr. Holliday is not entitled to habeas relief, his petition should be summarily dismissed, with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] In addition, because the facts alleged fail to present a potentially viable conditions-of-confinement claim, the Court should dismiss the case without offering Mr. Holliday the opportunity to convert this case to a civil rights action under 42 U.S.C. § 1983.

## II. BACKGROUND

On May 2, 2022, in the Circuit Court of Faulkner County, Arkansas, case number 23CR-21-1028, Mr. Holliday entered guilty pleas to felony fleeing, failure to appear, and violation of a no contact order, and he received a five-year prison term.[2]

---

[1] In conducting the initial review of a habeas petition required Rule 4, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." As explained in the Advisory Committee's Note to Rule 4, "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

[2] Mr. Holliday did not appeal from his conviction or sentence. On May 3, 2023, he filed a § 2254 petition in this Court, challenging his May 2, 2022 conviction. *Holliday v. Payne*, No. 4:23-cv-00418-BRW-ERE (E.D. Ark.). On July 11, 2023, Judge Wilson dismissed that petition without prejudice, pursuant to Habeas Rule 4. *Id.*, Docs 5, 6.
 On May 17, 2023, Mr. Holliday filed a petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure in state court, asserting unlawful arrest, prosecutorial misconduct, and violation of his rights under the Double Jeopardy Clause. On May 20, 2023, the State filed a response, asserting that Mr. Holliday's Rule 37 petition is time-barred. As of the date of this Recommendation, Mr. Holliday's Rule 37 petition remains pending.

On December 27, 2023, while serving his sentence, Mr. Holliday was charged with three disciplinary violations: (1) out of place assignment; (2) asking, coercing, or offering inducement to anyone to violate ADC policy or procedure, inmate rules and regulations, or operating procedures; and (3) lying to a staff member. *Doc. 6 at 2*.

The charging document states that on December 18, 2023, a confidential informant reported that in exchange for cigarettes, Mr. Holliday tattooed a deer design on a correctional officer's arm. *Id. at 1*. Upon questioning, the correctional officer admitted that he permitted Mr. Holliday to tattoo his arm in exchange for cigarettes, but Mr. Holliday denied the reported incident. *Id.* When asked why he spent over an hour with the tattooed officer in his control booth, as shown in video footage, Mr. Holliday stated that he and the officer were talking about halfway houses. *Id*.

On December 28, 2023, following a hearing, a disciplinary panel convicted Mr. Holliday on all three charges, and he received the following sanctions: (1) temporary loss of commissary, phone, and visitation privileges; (2) 20 days in punitive isolation; (3) a reduction in class;[3] and (4) forfeiture of 71 days of good time. *Id*.

---

[3] Pursuant to Arkansas law, ADC inmates are classified "according to good behavior, good discipline, medical condition, job responsibilities, and involvement in rehabilitative activities." Ark. Code. Ann. § 12-29-202(a)(3). Depending on his or her class status, an inmate may earn up

On January 5, 2024, the Arkansas Parole Board ("APB") rescinded Mr. Holliday's transfer eligibility date (*Doc. 1 at 8*), which is the earliest date he is eligible for transfer to less restrictive custody, including confinement in a community correction facility or parole. Ark. Code Ann. § 16-93-1202 (11)-(12).

On January 8, 2024, Mr. Holliday appealed his December 28 disciplinary convictions, asserting among other things that he had permission to be present in the officer's control booth, and the disciplinary tribunal should have subjected the tattooed correctional officer to a lie detector test before "making [a] decision that . . . extended [Mr. Holliday's] ADC release date." *Doc. 6 at 4*. Mr. Holliday exhausted the disciplinary appeal process, which concluded with the Director's March 15 decision affirming all three guilty verdicts. *Doc. 9*.

On May 3, 2024, Mr. Holliday filed the § 2254 petition now before the Court, asserting that the December 28 disciplinary convictions and the consequent rescission of his transfer eligibility date violated his right to due process and protection against cruel and unusual punishment. *Doc. 1 at 2, 5-8*. For relief, he asks the Court to reverse the disciplinary convictions. *Id. at 8*.

---

to one day of meritorious good time for every day served as a reduction toward his transfer eligibility date, but inmates reduced to the lowest class or serving time in punitive isolation do not earn meritorious good time. Ark. Code Ann. § 12-29-202 (b)(1)-(3).

## III. DISCUSSION

"Federal law opens two main avenues to relief [for state inmates] on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750–51 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id*. It is clear from Mr. Holliday's allegations that he lacks a cognizable claim under either provision.

### A. No Cognizable Habeas Claim Under § 2254

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Id*.

Mr. Holliday does not challenge his state court conviction or sentence. Instead, he seeks reversal of his December 2023 disciplinary convictions, which resulted in the forfeiture of good time, reduction in class status, 20 days in punitive isolation, and 60 days without commissary, phone, and visitation privileges.

To the extent that Mr. Holliday challenges the loss of privileges or time he spent in isolation, those conditions of confinement did not impact the length of his custody, and any related, potentially viable must be pursued in a civil rights action pursuant to 42 U.S.C. § 1983. *Spencer v. Hayes*, 774 F.3d 467, 468 (8th Cir. 2014).

The only aspect of Mr. Holliday's disciplinary punishment that falls within § 2254's subject matter jurisdiction is the loss of good-time credit. Under Eighth Circuit precedent, a due process challenge to the loss of good time, even where a favorable decision would not guarantee a speedier release from custody,[4] may be pursued through a § 2254 petition for habeas relief. *Blair-Bey v. Nix*, 919 F.2d 1338 (8th Cir. 1990) (holding that a prisoner serving a sentence of life without parole could challenge a loss of good-time credits under § 2254 because his sentence might conceivably be commuted via executive clemency), *cert. denied,* 502 U.S. 899, (1991); *Wilson v. Lockhart*, 949 F.2d 1051, 1051 (8th Cir. 1991) (holding that § 2254 provides the sole federal remedy for ADC inmate challenging his parole eligibility

---

[4] In *Richmond v. Duke*, 909 F. Supp. 626, 632 (E.D. Ark. 1995), the Honorable G. Thomas Eisele observed that notwithstanding controlling precedent mandating a different answer, "it is far from clear that a challenge to a loss of good-time credits . . . should, in every case . . . , be necessarily viewed as an attack that falls within 2254's requirement that a habeas petitioner be challenging the lawfulness of his continued custody[.]" *Id.* at 630.

Judge Eisele recognized that an ADC prisoner's good-time credit will advance his parole or transfer-eligibility date, but he will have no right to expect that he will be granted parole and "can be assured of only one thing—that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Id.* at 630-631.

date, even though a favorable decision would not guarantee an earlier release from confinement).

However, Mr. Holliday lacks a viable habeas claim because he cannot establish a violation of the Due Process Clause. 28 U.S.C. § 2254(a) (providing that a district court can only entertain a habeas petition filed by a person in state custody "on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States.").

Due process requirements apply only where a person is "deprived of life, liberty, or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Mr. Holliday's claimed deprivation is a loss of liberty, but to possess a right to liberty protected by the Due Process Clause, he must have "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

The Supreme Court has held that the Due Process Clause itself does not guarantee or create a liberty interest in credit for good behavior while in prison, but a state may create a liberty interest in a "shortened prison sentence through the accumulation of credits for good behavior." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

Arkansas's statutory scheme governing meritorious good time eliminates any possibility that Mr. Holliday has a liberty interest in a shortened sentence through

the accumulation of meritorious good time. In *McKinnon v. Norris*, 366 Ark. 404, 408, 231 S.W.3d 725, 729 (2006), a state habeas petitioner claimed that his loss of good time as a disciplinary sanction amounted to the taking of a liberty interest without due process. The Supreme Court of Arkansas disagreed, noting that the governing statute "plainly states that 'meritorious good time will not be applied to reduce the length of a sentence,' [but permits] the application . . . of good time to an inmate's transfer eligibility date." *Id*. at 408, 231 S.W.3d at 729 (*quoting* Ark. Code Ann. § 12-29-201(d)) and citing Ark. Code Ann. § 12–29–201(e)(1)). Multiple Courts in this District have likewise concluded that Arkansas law does not create a liberty interest in the retention of meritorious good-time credit.[5]

Even if Mr. Holliday's good-time credit and transfer eligibility date were restored, he would have no legitimate expectation to release on parole. The Supreme Court has never recognized a liberty interest in early release where state law leaves the decision to the discretion of a parole board, which is the case in Arkansas. The Arkansas parole statute provides: "The Post-Prison Transfer Board *may* release on

---

[5] See e.g., *Brown v. Payne*, No. 4:23-cv-00287-BRW-PSH, ECF No. 11, 2023 WL 6626280 (E.D. Ark. October 11, 2023), *report and recommendation adopted by*, No. 4:23-cv-00287-BRW, ECF No. 12, 2023 WL 7159296 (E.D. Ark. Oct. 31, 2023); *Martin v Payne*, No. 4:22-cv-01271-KGB-PSH, ECF No. 44, 2023 WL 10553148 (E.D. Ark. Aug. 4, 2023), *report and recommendation adopted by*, No. 4:22-cv-01271-KGB, ECF No. 65, 2024 WL 1311411 (E.D. Ark., Mar. 27, 2024); *Crockett v. Kelley*, No. 5:18-CV-00210-JM-JTR, ECF No. 16, 2019 WL 1590947 (E.D. Ark. Mar. 14, 2019), *report and recommendation adopted by*, No. 5:18-CV-00210-JM, ECF No. 22, 2019 WL 1590588 (E.D. Ark. Apr. 12, 2019); *Roberts v. Hobbs*, No. 5:14-cv-00044-JHL-BD, ECF Nos. 5, 11, 2014 WL 1345341 (E.D. Ark. April 4, 2014), *certificate of appealability denied*, No. 14-1930 (8th Cir. Aug. 12, 2014).

parole any eligible inmate . . . when in the board's opinion there is a reasonable probability that the inmate can be released without detriment to the community or himself or herself and is able and willing to fulfill the obligations of a law-abiding citizen." Ark. Code Ann. § 16-93-701(a)(1) (emphasis added).

The Arkansas Supreme Court "has repeatedly held that there is no liberty interest in parole in Arkansas." *Wood v. Arkansas Parole Board*, 2022 Ark. 30, 5, 39 S.W.3d 340, 344, (2022) (citing *Null v. Ark. Parole Bd.*, 2019 Ark. 50, at 3, 567 S.W.3d 482, 483 (2019)). Likewise, the Eighth Circuit has held that the Arkansas parole statutes create only a possibility of parole and confers no right to parole giving rise to a liberty interest. *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and [the plaintiff] had no protectable liberty interest in having defendants follow their hearing policy.").

In sum, Mr. Holliday has no right to conditional release before the expiration of a valid sentence, and neither loss of good time, reduction in class, nor rescission of his transfer eligibility date infringed a protected liberty interest. Because it plainly appears that Mr. Holliday is not entitled to federal habeas relief, his petition should be summarily dismissed.

**B.     No Potentially Viable Claim Under § 1983**

The Eighth Circuit has held that a *pro se* habeas petitioner raising a "potentially viable" conditions-of-confinement claim should receive an opportunity to pursue that claim if he so chooses. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014). But for reasons that follow, Mr. Holliday fails to present potentially viable claims that his conditions of confinement violated his right to due process or amounted to cruel and unusual punishment.

To state a plausible due process claim, Mr. Holliday must allege facts showing that the disciplinary sanctions he received deprived him of a life, liberty, or property interest protected by the Due Process Clause. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Mr. Holliday was not deprived of life, and he does not allege a deprivation of property. Thus, absent a protected liberty interest, he has no cognizable § 1983 due process claim.

For reasons already explained, Mr. Holliday had no liberty interest in the retention of good-time credits or class status.  In addition, neither 20 days in punitive confinement nor 60 days without commissary, phone, and visitation privileges deprived him of a protected liberty interest. See *Thornsberry v. Barden*, 854 F. App'x 105 (8th Cir. 2021) (holding that time in isolation, loss of privileges, and reclassification were insufficient to state a due process claim); *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020) (holding that a year in punitive segregation and

deprivation commissary, phone, and visitation privileges did not deprive prisoner a liberty interest); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (holding inmate not deprived of liberty interest during nine months in administrative segregation); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that inmates have no liberty interest in maintaining a particular classification level, and thirty days in punitive segregation is not an atypical and significant hardship infringing a liberty interest). None of the disciplinary sanctions imposed deprived Mr. Holliday of a protected liberty interest. Accordingly, he fails to present a potentially viable due process claim.

To support an Eighth Amendment claim, Mr. Holliday must show the "unnecessary and wanton infliction of pain," as well as a deprivation "denying the minimal civilized measure of life's necessities." *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (quoting *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). He must also show that prison staff demonstrated deliberate indifference to a substantial risk of serious harm to his health or safety. *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). Mr. Holliday alleges no facts even arguably approaching the extreme deprivations required to plead an Eighth Amendment claim.

Mr. Holliday's pleading fails to raise a potentially viable conditions-of-confinement claim and would be subject to dismissal upon screening, which is mandatory in all civil actions in which a prisoner seeks redress from the government.

*See* 28 U.S.C. § 1915A (requiring screening and dismissal of any portion of a complaint that is frivolous, malicious, or fails to state a claim on which relief can be granted). Accordingly, it is unnecessary to offer Mr. Holliday the opportunity to convert this case to an action under 42 U.S.C. § 1983.

## IV.   CONCLUSION

Mr. Holliday has failed to state a cognizable claim for habeas relief and has no "potentially viable" claims under § 1983.

IT IS THEREFORE RECOMMENDED that the petition for a writ of habeas corpus be DISMISSED, WITH PREJUDICE and the requested relief be DENIED.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.[6]

Dated 21 June 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] A Certificate of Appealability should be denied because Mr. Holliday has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).